IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY TOBENU OHIRI,

        Plaintiff,
vs.                                                                   CIVIL NO.   00-1352 LFG/LCS

ROLLINS LEASING CORP. and
RON HUDSON, District Manager,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Doc. 6]. The Court liberally construed Plaintiff's request that the case not be dismissed as a response in opposition to the motion to dismiss. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 595-96 (1972). Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

Plaintiff, Anthony Tobenu Ohiri ("Ohiri"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Rollins Leasing Corp. ("Rollins") and Rollins' employee, Ron Hudson ("Hudson"). In his complaint, Ohiri contends that Rollins and Hudson violated his civil rights and discriminated against him because he is Black. In count 1, Ohiri contends that Rollins and Hudson refused to rent a truck to him because of his race. In counts 2 and 3, Ohiri seeks to assert state common law causes of action for fraud and for unfair business practices in charging an excessive deposit and improperly charging amounts to his credit card.

**Present Motion**

Defendants seek dismissal of Ohiri's Section 1983 civil rights claim contending that Ohiri fails to state a claim upon which relief can be granted and, with dismissal of the Section 1983 claim, this Court lacks original subject matter jurisdiction under 28 U.S.C. § 1343(a)(3). Thus, Defendants seek dismissal of the complaint in its entirety.

**Analysis**

A party who asserts a claim for relief under Section 1983 must satisfy two elements. First, "the plaintiff must allege that some person has deprived him of a federal right," and, second, "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980).

Here, Ohiri can satisfy the first prong of this test in that he alleges racial discrimination. Both the Constitution and laws of the United States protect against discriminatory conduct based on an individual's race.

The second prong of this test is far more difficult. Section 1983 is specific in authorizing the assertion of claims only against a "person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia" deprived another of his federally constitutional or statutory rights. Id. To determine whether a plaintiff has met the pleading and proof requirements of this second prong, the court must determine whether the defendants are "persons" subject to suit under Section 1983, and whether the deprivation of federal rights occurred under "color of state law." "The term person in Section 1983 has been interpreted to encompass state and local officials sued in their individual capacities, private individuals and entities that acted under color of state law, and local government entities (and their officials sued officially). It does not include

2

states or state agencies, but does include state officials sued officially for prospective relief." 1A Martin A. Schwartz & John E. Kirklin <u>Section 1983 Litigation</u> § 5.2 (3d ed. 1997).

Here, it is undisputed that neither Rollins nor Hudson is a state or local official. Ohiri alleges only that Rollins is a corporation licensed to conduct business in New Mexico and that Hudson was acting in his capacity as district manager for Rollins.

Moreover, nothing in the complaint indicates that either Rollins or Hudson was acting under color of state law. State action is a prerequisite to stating a cognizable claim under 42 U.S.C. § 1983. <u>Giron v. Corrections Corp. of America</u>, 14 F. Supp. 2d 1245, 1248 (D.N.M. 1998). There are instances when private entities and individuals whose involvement with state and local government make them state actors under the Fourteenth Amendment, and, therefore, their acts are under color of state law. <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 102 S. Ct. 2744 (1982). However, Ohiri makes no allegations that any of the Defendants were acting in concert with state or local authorities or that the actions they took were under the authority of state or local law. Consequently, neither Rollins nor Hudson are "persons" amenable to suit under Section 1983.

In the absence of action under the "color of state law," Ohiri's claim necessarily fails. "[I]f as a matter of law `it is clear that if no relief could be granted under any set of facts that could be proved consistent with the allegations . . .' a claim must be dismissed." Unless defendants were public officials, or they acted in concert with public officials, and they acted under color of state law, the claim is not actionable under Section 1983, and should be dismissed. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832 (1989); <u>TV Communications Network, Inc. v. Turner Network Television, Inc.</u>, 964 F.2d 1022 (10th Cir. 1992).

The Court concludes that amending the complaint is futile.  Artful pleading will not result in converting a potential state common law claim into a federal cause of action.  Ohiri simply cannot bring a cause of action against private individuals who are not state actors, who did not act in concert with state actors, and who did not act under color of state law under Section 1983.  Thus, Ohiri's civil rights claim should be dismissed.  Because re-pleading will not cure this defect, the dismissal of the 42 U.S.C. § 1983 claim is with prejudice.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

In addition to Ohiri's civil rights claim, he assert two state common law claims, and, indeed, he may well be able to recast his purported Section 1983 claim in state court as an appropriate claim against Defendant under the New Mexico Human Rights Act.  It is clear, however, that the only reason this case is in federal court is because of Ohiri's claim that Defendants violated federally protected rights.  By virtue of the Court's determination that Ohiri has failed to state an actionable claim under federal law, the Section 1983 claim will be dismissed, and the Court declines to accept pendent jurisdiction on the state claims.

Accordingly, Ohiri's 42 U.S.C. § 1983 claim is dismissed with prejudice; the state claims are dismissed without prejudice.

                                                Lorenzo F. Garcia
                                                United States Magistrate Judge

PLAINTIFF:
Anthony Tobenu Ohiri, pro se

ATTORNEYS FOR DEFENDANTS:
Craig T. Erickson, Esq.
Ray M. Vargas, Esq.